## Tops Apparel Mfg. Co., Inc. v. Country Gentlemen Clothes, Inc.

*Joseph W. Forbes*, for plaintiff.
*Guy S. Claire*, for defendant.
*Philip R. Detweiler*, for interveners.

SMILLIE, J., January 20, 1965.—This is an action of replevin without bond instituted by plaintiff, Tops Apparel Manufacturing Co., Inc., to recover the value of certain equipment in the possession of defendant,

Country Gentlemen Clothes, Inc. Plaintiff's claim is based on recorded financing statements allegedly in default. The equipment was seized by defendant's landlords, Sidney and Anna Onorato Rothman, under a distraint proceeding for delinquent rent. The Rothmans petitioned the court, and were permitted to intervene in the action for the purpose of asserting their claim to defendant's equipment.

Plaintiff then filed an amended complaint against the Rothmans, alleging that Sidney Rothman, acting on behalf of himself and his wife, executed a landlord's waiver covering the equipment claimed by plaintiff, that the Rothmans are shareholders in defendant corporation, which is closely held, and that the distraint proceeding was a subterfuge by the Rothmans to deprive plaintiff of its secured interest in the equipment; therefore, the Rothmans have committed a wrongful conversion of the equipment by exposing it for sale.

Thereupon, the Rothmans filed preliminary objections in the nature of a demurrer and motions to strike the amended complaint and writ of foreign attachment. These preliminary objections are before the court for consideration.

The Rothmans' main contention is that the amended complaint in replevin without bond fails to state a cause of action against them.

Replevin without bond is a form of action which did not exist prior to its creation by the Rules of Civil Procedure. In an action of replevin without bond, property is never seized pendente lite, but remains in the possession of defendant, who is free to dispose of it during the course of the proceedings, if he desires. The action is not an action partly in rem, like the conventional replevin with bond, but is an action exclusively in personam. It is used in cases in which plaintiff wishes merely to secure an adjudication of his rights in the goods and his damages, if any, without outside securi-

ty for recovery and without any change in the possession of the goods. He must be willing to run the risk that the goods will be disposed of by defendant and will not be available to him if successful. He also must be willing to run the risk of the personal responsibility of defendant to respond to a judgment, without any added security. See Goodrich-Am. §1071-2, and 10 Standard Pa. Prac. §8, at page 431; also §67 at page 483.

As applied to these proceedings, these principles dictate that defendant is free to make any disposition of the equipment claimed by plaintiff, notwithstanding plaintiff's pending action of replevin without bond. Plaintiff's amended complaint asserts a claim against the interveners for causing a disposition of the equipment by a fraudulent distraint. However, since defendant is free to dispose of the equipment, it follows that the distraint could not be fraudulent, because it does not constitute a breach of any of plaintiff's legal rights. For these reasons, plaintiff's amended complaint fails to state a cause of action upon which relief can be granted, and, therefore, interveners' preliminary objection in the nature of a demurrer must be sustained.

Because we have decided the demurrer must be sustained to the amended complaint, it is not necessary to discuss the interesting procedural questions raised by the interveners in their motion to strike and their motion to quash the writ of foreign attachment.

### Order

And now, January 20, 1965, after argument before the court en banc, consisting of E. Arnold Forrest, P. J., David E. Groshens, Jr., and Frederick B. Smillie, J., the interveners' preliminary objection in the nature of a demurrer is sustained, and the writ of foreign attachment is dissolved.